UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR. NO. 3:23-CR- 26 - MEM |
| v. | : | |
| | : | (Judge    ) |
| SHANE BURNS, | : | |
| CHRISTINA PATACKY-BEGHIN, | : | |
| HOWARD BELL, a/k/a, "Nitty," | : | |
| KEVIN JONES, a/k/a "Hat," | : | |
| RAHMEL WIGFALL, a/k/a "Inf," | : | |
| SAMANTHA SMART, | : | |
| MAURICE FAULKNER, a/k/a "Moe," | : | |
| MERCEDES SMITH, | : | **FILED** |
| SHAYNA COLON ACOSTA, | : | **SCRANTON** |
| GIAVANNA TERESA TWYMAN, | : | FEB 14 2023 |
| SABRINA CLEVELAND, | : | |
| ROBERT THOMPSON, a/k/a | : | PER_____ |
| "THUGGA," | : | DEPUTY CLERK |
| FATIEEM GRADY, | : | |
| YUAMIR GRAYSON, | : | |
| RACHEL SMYDEN, | : | |
| Defendants. | | |

## I N D I C T M E N T

**THE GRAND JURY CHARGES:**

### COUNT 1
21 U.S.C. § 846
(Conspiracy to Possess and Distribute Controlled Substances)

From in or about January 2020, the exact date being unknown to

the Grand Jury, to on or about the date of this Indictment, within the

Middle District of Pennsylvania and elsewhere, the defendants,

SHANE BURNS,
CHRISTINA PATACKY-BEGHIN,
HOWARD BELL, a/k/a "Nitty,"
KEVIN JONES, a/k/a "Hat,"
RAHMEL WIGFALL, a/k/a "Inf,"
SAMANTHA SMART,
MAURICE FAULKNER, a/k/a "Moe,"
MERCEDES SMITH,
SHAYNA COLON ACOSTA,
GIAVANNA TERESA TWYMAN,
SABRINA CLEVELAND,
ROBERT THOMPSON, a/k/a "THUGGA,"
FATIEEM GRADY,
YUAMIR GRAYSON, and
RACHEL SMYDEN,

did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other and with persons known and unknown to the Grand Jury, to commit offenses against the United States, namely: to knowingly, intentionally and unlawfully distribute, and possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. Sections 841(a)(1), 841(b)(1)(A) and (C).

## QUANTITY OF CONTROLLED SUBSTANCES
## INVOLVED IN THE CONPIRACY

The amount of a mixture and substance containing a detectable amount of fentanyl involved in the conspiracy that is attributable to each of the defendants as a result of his or her own conduct, and the conduct of other co-conspirators reasonably foreseeable to him or her, is as follows:

1.     **SHANE BURNS**:  in excess of 400 grams of a mixture and substance containing a detectable amount of fentanyl.

2.     **CHRISTINA PATACKY-BEGHIN**:  in excess of 400 grams of a mixture and substance containing a detectable amount of fentanyl.

3.     **HOWARD BELL, a/k/a "Nitty"**:  in excess of 400 grams of a mixture and substance containing a detectable amount of fentanyl.

4.     **KEVIN JONES, a/k/a "Hat"**:  in excess of 400 grams of a mixture and substance containing a detectable amount of fentanyl.

5.     **RAHMEL WIGFALL, a/k/a "Inf"**:  in excess of 400 grams of a mixture and substance containing a detectable amount of fentanyl.

6.     **SAMANTHA SMART**:  an unspecified amount of a mixture and substance containing a detectable amount of fentanyl.

3

7. **MAURICE FAULKNER, a/k/a "Moe"**: an unspecified amount of a mixture and substance containing a detectable amount of fentanyl.

8. **MERCEDES SMITH**: an unspecified amount of a mixture and substance containing a detectable amount of fentanyl.

9. **SHAYNA COLON ACOSTA**: an unspecified amount of a mixture and substance containing a detectable amount of fentanyl.

10. **GIAVANNA TERESA TWYMAN**: an unspecified amount of a mixture and substance containing a detectable amount of fentanyl.

11. **SABRINA CLEVELAND**: an unspecified amount of a mixture and substance containing a detectable amount of fentanyl.

12. **ROBERT THOMPSON, a/k/a "Thugga"**: an unspecified amount of a mixture and substance containing a detectable amount of fentanyl.

13. **FATIEEM GRADY**: an unspecified amount of a mixture and substance containing a detectable amount of fentanyl.

14. **YUAMIR GRAYSON**: an unspecified amount of a mixture and substance containing a detectable amount of fentanyl.

4

15.    **RACHEL SMYDEN**: an unspecified amount of a mixture

and substance containing a detectable amount of fentanyl.

Before **SHANE BURNS** committed the offense charged in this

count, **SHANE BURNS** had a final conviction for a serious drug felony,

namely, a conviction under Arizona Criminal Statute 13-3408A2,

Narcotic Drug Possession for Sale (Case No. CR-2018-129241-001), for

which he served more than 12 months of imprisonment and for which

he was released from serving any term of imprisonment related to that

offense within 15 years of the commencement of the instant offense.

Before **HOWARD BELL, a/k/a "Nitty,"** committed the offense

charged in this count, **HOWARD BELL, a/k/a "Nitty,"** had a final

conviction for a serious drug felony, namely, a conviction under 35

Pa.C.S.A. § 780-113 §§ A-30, Manufacture, Delivery, or Possession with

Intent to Manufacture or Deliver Controlled Substances (Case No. CP-

40-CR-858 -2006 and CP-40-CR-860 -2006 ), for which he served more

than 12 months of imprisonment and for which he was released from

serving any term of imprisonment related to that offense within 15

years of the commencement of the instant offense.  Also, **HOWARD**

BELL, a/k/a "Nitty," had a final conviction for a serious drug felony, namely, a conviction under 35 Pa.C.S.A. § 780-113 §§ A-30, Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver Controlled Substances (Case No. CP-40-CR-1157-2006), for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense

Before **KEVIN JONES, a/k/a "Hat**," committed the offense charged in this count, **KEVIN JONES, a/k/a "Hat**," had a had a final conviction for a serious violent felony, namely, a conviction under 18 U.S.C. § 924(c), Possession of a Firearm During and in Relation to a Drug Trafficking Felony, (Case No. 3:CR-03-045), for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before **RAHMEL WIGFALL, a/k/a "Inf**," committed the offense charged in this count, **RAHMEL WIGFALL, a/k/a "Inf**," had a final conviction for a serious drug felony, namely, a conviction under 35

Pa.C.S.A. § 780-113 §§ A-30, Manufacture, Delivery, or Possession with
Intent to Manufacture or Deliver Controlled Substances (Case No. CP-
35-CR-2304-2016), for which he served more than 12 months of
imprisonment and for which he was released from serving any term of
imprisonment related to that offense within 15 years of the
commencement of the instant offense.  Also, **RAHMEL WIGFALL, a/k/a**
**"Inf,"** had a final conviction for a serious drug felony, namely, a
conviction under 35 Pa.C.S.A. § 780-113 §§ A-30, Manufacture,
Delivery, or Possession with Intent to Manufacture or Deliver
Controlled Substances (Case No. CP-35-CR-282-2014), for which he
served more than 12 months of imprisonment and for which he was
released from serving any term of imprisonment related to that offense
within 15 years of the commencement of the instant offense.   Also,
**RAHMEL WIGFALL, a/k/a "Inf,"** had a final conviction for a serious
drug felony, namely, a conviction under 35 Pa.C.S.A. § 780-113 §§ A-30,
Manufacture, Delivery, or Possession with Intent to Manufacture or
Deliver Controlled Substances (Case No. CP-40-CR-2336-2009), for
which he served more than 12 months of imprisonment and for which

7

he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A) and (C).

## THE GRAND JURY FURTHER CHARGES:

### COUNT 2
21 U.S.C. § 841(a)(1)
(Possession with Intent to Distribute a Controlled Substance)

On or about February 4, 2021, within the Middle District of Pennsylvania and elsewhere, the defendant,

## SAMANTHA SMART,

aided and abetted by others, did knowingly, intentionally and unlawfully possess with intent to distribute an unspecified amount of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

8

**THE GRAND JURY FURTHER CHARGES:**

<u>**COUNT 3**</u>
21 U.S.C. § 841(a)(1)
(Possession with Intent to Distribute a Controlled Substance)

On or about March 18, 2021, within the Middle District of Pennsylvania and elsewhere, the defendant,

**RACHEL SMYDEN,**

aided and abetted by others, did knowingly, intentionally and unlawfully possess with intent to distribute an unspecified amount of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 4</u>
21 U.S.C. § 841(a)(1)
(Possession with Intent to Distribute a Controlled Substance)

On or about November 5, 2021, within the Middle District of Pennsylvania and elsewhere, the defendants,

**RAHMEL WIGFALL, a/k/a "Inf,"**
**MERCEDES SMITH, and**
**SHAYNA COLON ACOSTA,**

aiding and abetting each other and aided and abetted by others, did knowingly, intentionally and unlawfully possess with intent to distribute an unspecified amount of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 5
21 U.S.C. § 841(a)(1)
(Distribution of a Controlled Substance)

On or about December 29, 2021, within the Middle District of Pennsylvania and elsewhere, the defendant,

**HOWARD BELL, a/k/a "Nitty,"**

aided and abetted by others, did knowingly, intentionally and unlawfully possess with intent to distribute and did distribute an unspecified amount of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 6
21 U.S.C. § 841(a)(1)
(Distribution of a Controlled Substance)

On or about March 17, 2022, within the Middle District of Pennsylvania and elsewhere, the defendants,

**SHANE BURNS** and
**CHRISTINA PATACKY-BEGHIN,**

aiding and abetting each other and aided and abetted by others, did knowingly, intentionally and unlawfully possess with intent to distribute and did distribute 40 grams and more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

Before **SHANE BURNS** committed the offense charged in this count, **SHANE BURNS** had a final conviction for a serious drug felony, namely, a conviction under Arizona Criminal Statute 13-3408A2, Narcotic Drug Possession for Sale (Case No. CR-2018-129241-001), for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

12

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

<u>**COUNT 7**</u>
21 U.S.C. § 841(a)(1)
(Distribution of a Controlled Substance)

On or about April 11, 2022, within the Middle District of Pennsylvania and elsewhere, the defendants,

**SHANE BURNS** and
**CHRISTINA PATACKY-BEGHIN,**

aiding and abetting each other and aided and abetted by others, did knowingly, intentionally and unlawfully possess with intent to distribute and did distribute 40 grams and more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

Before **SHANE BURNS** committed the offense charged in this count, **SHANE BURNS** had a final conviction for a serious drug felony, namely, a conviction under Arizona Criminal Statute 13-3408A2, Narcotic Drug Possession for Sale (Case No. CR-2018-129241-001), for

13

which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 8
21 U.S.C. § 841(a)(1)
(Distribution of a Controlled Substance)

On or about April 29, 2022, within the Middle District of Pennsylvania and elsewhere, the defendants,

**SHANE BURNS** and
**CHRISTINA PATACKY-BEGHIN,**

aiding and abetting each other and aided and abetted by others, did knowingly, intentionally and unlawfully possess with intent to distribute and did distribute 40 grams and more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

Before **SHANE BURNS** committed the offense charged in this count, **SHANE BURNS** had a final conviction for a serious drug felony, namely, a conviction under Arizona Criminal Statute 13-3408A2, Narcotic Drug Possession for Sale (Case No. CR-2018-129241-001), for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and Title 18, United States Code, Section 2.

15

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE:

<u>FORFEITURE ALLEGATION</u>

1.     The allegations contained in Counts 1 through 8 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2.     Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), or 846, the defendants,

**SHANE BURNS,**
**CHRISTINA PATACY-BEGHIN,**
**HOWARD BELL, a/k/a "Nitty,"**
**KEVIN JONES, a/k/a "Hat,"**
**RAHMEL WIGFALL, a/k/a "Inf,"**
**SAMANTHA SMART,**
**MAURICE FAULKNER, a/k/a "Moe,"**
**MERCEDES SMITH,**
**SHAYNA COLON ACOSTA,**
**GIAVANNA TERESA TWYMAN,**
**SABRINA CLEVELAND,**
**ROBERT THOMPSON, a/k/a "THUGGA,"**
**FATIEEM GRADY,**
**YUAMIR GRAYSON, and**
**RACHEL SMYDEN,**

16

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s).

If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute

property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

GERARD M. KARAM
United States Attorney

*Michelle Olshefski*
MICHELLE OLSHEFSKI
Assistant United States Attorney

2/14/2023
Date

18