FILED
SCRANTON

MAR 06 2023

PER_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR. NO. 3:23-CR- 26 |
| | : | |
| v. | : | (Judge Mannion) |
| | : | |
| CHRISTINA PATACKY-BEGHIN | : | (Sealed Case) |

## MOTION FOR REVOCATION OF ORDER OF RELEASE PURSUANT TO 18 U.S.C. § 3145(a)(1)

AND NOW comes Gerard M. Karam, United States Attorney, by Assistant United States Attorney Michelle Olshefski, and files this Motion for Revocation of Order of Release, pursuant to 18 U.S.C. § 3145(a)(1), and in support thereof avers the following:

1. On February 14, 2023 a grand jury in Scranton returned a multi-count and multi-defendant indictment charging this defendant, Christina Patacky-Beghin, with multiple federal crimes. (Doc. 1). Count 1 charges the defendant with conspiring to distribute and possessing with the intent to distribute at least 400 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 846. The defendant is further charged in Counts 6, 7, and 8 of the indictment. Each substantive count alleges that on or about the date alleged in the count,

the defendant intentionally and unlawfully possessed with intent to distribute and did distribute at least 40 grams and more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

2. Count 1 carries a mandatory minimum term of 10 years' imprisonment and a maximum term of life imprisonment. Counts 6 through 8 each carry a mandatory minimum term of 5 years' imprisonment and a maximum term of 40 years' imprisonment.

3. The defendant is a resident of Arizona and has no ties to the Commonwealth of Pennsylvania, other than drug trafficking into the Middle District of Pennsylvania as charged in the indictment.

4. The defendant was arrested in Arizona on March 1, 2023 and appeared before United States Magistrate Judge Deborah M. Fine. Although the drug offenses detailed above carry a presumption in favor of detention, and the United States sought an order of detention in Arizona, the defendant was ordered released on conditions. (No. MJ 23-9072-PHX). However, Magistrate Judge Fine stayed the release order indefinitely to allow the United States the opportunity to petition the

court in the Middle District of Pennsylvania to revoke the order of release.

5.     Prior to the instant MDPA indictment, the defendant had previously been indicted in the District of Arizona on November 15, 2022 and charged with the following criminal offenses: Count 1 charges a violation of 21 U.S.C. § 846 (Conspiracy to Distribute Methamphetamine and Fentanyl); Count 2 charges a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Possession with Intent to Distribute Methamphetamine); and Count 3 charges a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Possession with Intent to Distribute Fentanyl). (*See* CR-22-1507-PHX-SPL). (Doc. 18).

6.     The Arizona charges resulted from just a one day event wherein the defendant, along with co-conspirator Shane Burns,[1] possessed with intent to distribute and did distribute 6 pounds of

---

[1] Shane Burns is charged as a co-conspirator and aider and abettor with this defendant in the instant MDPA indictment. Burns was detained in Arizona on the Arizona indictment returned in November 2022. He faces enhanced penalties if convicted on the MDPA indictment due to his prior criminal history involving a prior serious drug felony, not including the pending Arizona indictment.

3

methamphetamine and 7,500 fentanyl pills. The charges arose after an FBI Undercover Employee had direct communication with Shane Burns and arranged to purchase the 6 pounds of methamphetamine and 7,500 fentanyl pills for the agreed upon price of $10,000. Burns indicated to the FBI Undercover Employee that he would send his driver to the agreed upon meet location to consummate the deal. Burns indicated that his driver would be operating a red Lexus. It was the defendant, Christina Patacky-Beghin, who arrived at the meet location in a casino parking lot in Scottsdale driving a red Lexus. She parked her vehicle, retrieved a box from the trunk of her vehicle, and entered the undercover vehicle with the box in her hands. The undercover handed $10,000 in cash to the defendant and the defendant counted the cash in front of the undercover. The contents of the box delivered by the defendant included approximately 6 pounds of methamphetamine and 7,500 fentanyl pills. The defendant and Shane Burns were first charged by way of criminal complaint on October 27, 2022. The November 15, 2022 Arizona indictment followed.

7. When the defendant was arrested and arraigned on the Arizona indictment, she was released with conditions to the custody of her father in Arizona. It is believed that the defendant has been compliant during her pretrial release in Arizona. She did not learn of the MDPA indictment until late February 2023. The MDPA charges allege a broader conspiracy against the defendant and her co-conspirators over a longer period of time. It is specifically alleged that the defendant and Shane Burns have been drug trafficking together since at least January of 2020 up to the time of their arrests in Arizona in or about October of 2022. During that period of time, the defendant is responsible for the distribution of tens of thousands of fentanyl pills into the Middle District of Pennsylvania via United States Postal Service, after receiving tens of thousands of dollars in cash from Pennsylvania subordinates via multiple money transfer services.[2] For example, Count 6 of the indictment involves the distribution of 2,000

---

[2] The estimated quantity of controlled substances charged in the indictment in the MDPA does not account for any of the defendant's drug distributions that occurred in Arizona or elsewhere. It is apparent that both the defendant and at least Shane Burns worked together to serve subordinates in Arizona, as detailed in ¶ 6 herein.

fentanyl pills in exchange for $3,500 on just the day alleged. Count 7 involves the distribution of 2,000 fentanyl pills in exchange for $3,500 on just the day alleged. Count 8 involves the distribution of 1,250 fentanyl pills in exchange for $1,700. (Doc. 1). All three counts resulted from controlled purchases via the use of cooperators located in Pennsylvania. All three of the mailed packages were intercepted by the U.S. Postal Inspector. Pennsylvania State Police laboratory analysis confirmed that the pills are fentanyl and approximate that each 1,000 fentanyl pill quantity equals 100 grams of fentanyl. The Government is also in possession of thousands of pages of financial documents evidencing the above, along with postal receipts, tracking numbers, video surveillance, cooperators, etc. The evidence of against this defendant is strong. This case was jointly investigated by the Scranton FBI and the United States Postal Inspector.

8.   It is noted that the Scranton FBI initiated this investigation after the death of 27-year old Michaelena Kowalczyk in February 2021 in Wilkes-Barre, Pennsylvania. Kowalczyk purchased 4 fentanyl pills, ingested just one, and died. The FBI investigation that followed the

death resulted in the apprehension of local subordinates of the conspirators in Arizona. Two of the subordinates have entered guilty pleas to drug distribution resulting in death. (*See* 3:21-CR-150 \*\*Sealed\*\*; and 3:22-CR-061). As the investigation continued, the FBI was able to draw the line from the distributions in the Middle District of Pennsylvania directly to the Arizona conspiracy.

9. The charges the defendant faces have grown far more serious since her initial release to the custody of her father in November 2022. It is also noted that during the time charged in the conspiracy, the defendant resided with her partner and co-conspirator, Shane Burns, who remains in custody in Arizona.

10. The defendant resides some 2,300 miles from the Middle District of Pennsylvania and has no ties to Pennsylvania.

11. The defendant poses a danger to the community and other persons in light of her past employment as a drug dealer and only a drug dealer. She poses a risk of non-appearance and certainly flight. She is believed to have familial contacts in Mexico and is believed to have the financial means to flee.

12.  Pursuant to 18 U.S.C. § 3145(a)(1), if a person is released by a magistrate judge the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order of release.

WHEREFORE, it is respectfully requested that the court revoke the order setting conditions of release for the defendant and enter an order of pretrial detention. Upon the defendant's return to the Middle District of Pennsylvania the issue of whether conditions of release are appropriate, given the crimes charged and the statutory presumption in favor of detention, can be raised by the defendant upon her initial appearance.

Respectfully submitted,

GERARD M. KARAM
United States Attorney

By: /s/ Michelle L. Olshefski
MICHELLE L. OLSHEFSKI
Assistant U.S. Attorney

Dated: March 6, 2023