UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:23-CR-00026 |
| v. | : | (J. MANNION) |
| CHRISTINA PATACKY-BEGHIN, | : | |
| Defendant | : | (Electronically Filed) |

## DEFENDANT'S ACKNOWLEDGMENT OF RIGHTS WAIVED BY GUILTY PLEA

1. I understand the nature of the charges to which my proposed plea of guilty to Count 1 of the Indictment filed in the Middle District of Pennsylvania to be a violation of 21 U.S.C. § 846 – Conspiracy to Possess with Intent to Distribute and Distribution of Controlled Substances.

2. I further understand that for the charge of Count 1, there is a maximum possible sentence of life imprisonment but a mandatory minimum of ten (10) years, a fine of $10,000,000, a maximum term of supervised release of life but a minimum of five (5) years, and a $100 special assessment.

I further understand that the Judge could sentence me to a term of supervised release, to be determined by the court, to follow any period of incarceration. I understand that during any period of supervised

1

release, I will be under the supervision of a United States Probation Officer and will be subject to certain conditions which may restrict my freedom of movement, association, possession of weapons, use of alcohol or controlled substances, etc. I further understand that during any period of supervision I may be required to participate in rehabilitative programs and will be required to make routine reports to the Probation Officer and answer his questions truthfully and to follow his instructions. I further understand that should I violate any conditions of supervised release, the Court may revoke my supervised release and impose a further prison term.

I understand that in determining my sentence, the Court is obligated to calculate the applicable sentencing guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. Section 3553 (a).

I understand that as a result of this conviction I may lose valuable civil rights including the right to vote, the right to sit on a jury, the right to hold public office and the right to ever possess a firearm.

I understand that as part of my plea agreement I have waived my right to appeal the conviction and sentence in this case.

Finally, I understand that if I am not a citizen that deportation may be a possible consequence of a conviction.

3. I am represented by an attorney, David Glanzberg, Esquire. I fully understand that I have the right to be represented by an attorney at every stage of these proceedings against me and, if necessary, one will be appointed to represent me.

4. I further understand the following:

- I have the right to plead not guilty and persist in that plea;

- I have the right to a jury trial;

- I have the right to be represented by counsel at trial and at all stages of this case;

- I have the right at trial to confront and cross-examine witnesses against me;

- I have the right at trial to be protected from compelled self-incrimination;

- I have the right at trial to testify and present evidence;

- I have the right to compel the attendance of witnesses on my behalf

and to subpoena records in my defense for trial;

- I recognize that I have the right to move to suppress the evidence against me,

- I realize that, by pleading guilty, I am giving up all of these rights, and there will not be a trial of any kind.

5. I understand that if I enter a plea of guilty to Count 1 of the Indictment, there will not be a further trial of any kind so that by pleading guilty, I am waiving the right to a trial.

6. I have discussed these matters with my attorney and am satisfied with his representation of me in these proceedings.

7. No promise, threats or any other inducements of any kind have been made to me in regard to my plea of guilty, apart from the plea agreement. I am entering into this plea voluntarily with full knowledge of what rights I am giving up.

8. I am aware that, by entering a plea of guilty, I am admitting that what the Government says about me in Count 1 of the Indictment is true and that I did, in fact, commit the offenses with which I am charged.

9. I understand that if I enter a plea of guilty to Count 1 of the

Indictment, the Court may ask me questions about the offense to which I have pleaded, and if I answer these questions falsely under oath, my answers later may be used against me in a prosecution for perjury or false statement.

I fully understand the foregoing statement, consisting of five (5) typewritten pages.

2/1/24
Dated

*Christina Patacky-Beghin*
CHRISTINA PATACKY-BEGHIN
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this statement with the defendant.

2/1/24
Dated

DAVID GLANZBERG, ESQUIRE
Counsel for Defendant